918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. FUNESTI, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 90-3369.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and MARKEY, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Robert J. Funesti appeals from the December 26, 1989 Initial Decision of the Administrative Judge (AJ) in Docket No. DC07529020011, which became the final decision of the Merit Systems Protection Board (Board) when the Board declined review on April 18, 1990. We affirm.
 
 OPINION
 
 2
 The essence of Mr. Funesti's argument is that the agency Personnel Specialist, Ms. Smith, misled Funesti by telling him that the only way he could take the job with the Guam legislature would be to resign from his job with the agency. At the outset, we note that the parties discuss at length whether Ms. Smith had a duty to be informed about the pending Intergovernmental Personnel Act (IPA) legislation. We fail to see the relevance of this issue, since it goes only to whether Ms. Smith was somehow negligent by failing to keep informed of the IPA legislation. In Scharf v. Department of the Air Force, 710 F.2d 1572 (Fed.Cir.1983), this court held that it is not necessary to show that alleged agency misrepresentations were intentional in order to establish involuntary retirement. Scharf, 710 F.2d at 1575. By the same token, it is also not necessary to show that any misrepresentations were made negligently. Instead, what Funesti is required to show is that the agency did, through Ms. Smith, make statements which were, under an objective test, materially misleading. See Scharf, 710 F.2d at 1575.
 
 
 3
 Ms. Smith made no misleading statements to Mr. Funesti. The IPA did not come into effect until March of 1986; thus, according to the law at the time Funesti spoke to Ms. Smith, there was no alternative open to him except to resign if he wanted to take the job with the Guam legislature. Ms. Smith's statement can only be objectively interpreted to mean that at that present time Funesti has no option but to resign; it can not be reasonably and objectively interpreted as a representation that the law may not be changed at some future date.